Robert M. Tzall
Nevada State Bar No. 13412
The Law Offices of Robert M. Tzall
7735 Commercial Way
Suite 100
Henderson, NV 89011
Tel: 702-666-0233
robert@tzalllegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

YEHUDA IZMAGRISTO,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

    Defendant.

Docket No.

**COMPLAINT**

Plaintiff Yehuda Izmagristo ("Plaintiff") by and through his attorneys, The Law Offices of Robert M. Tzall as and for his Complaint against Defendant Wells Fargo Bank N.A. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

## **PARTIES**

2. Plaintiff is a resident of the State of Nevada, County of Clark, residing at 8945 Waymire Creek CT, Las Vegas, NV, 89147.

3. Defendant Wells Fargo Bank, N.A. is an Nevada corporation with an address for service c/o CSC Services of Nevada Inc., 2215B Renaissance Drive, Las Vegas, NV, 89119.

## **JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## **FACTUAL ALLEGATIONS**

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

8. Defendant placed calls to Plaintiff's cell phone in the manner described previously.

9. Plaintiff spoke with Defendant on or around March 14, 2018 and revoked any consent that Defendant may have had to contact him on his cellular telephone.

10. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

11. Defendant ignored Plaintiff's revocation and continued to call his cellular telephone number on a consistent basis.

12. These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

13. As a result of Defendant's unfair practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

14. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein..

15. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

16. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

17. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

18. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

- 3 -

## DEMAND FOR TRIAL BY JURY

19. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yehuda Izmagristo demands judgment from the Wells Fargo Bank, N.A. as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C.  § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); and

d) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 2 day of August, 2018

                                                /s/Robert M. Tzall
Robert M. Tzall
**The Law Offices of Robert M. Tzall**
*Attorneys for Plaintiff*